IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-0005-CV-W-HFS |
| GREAT AMERICAN ASSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Defendants Kenneth and Gerri Higgins have filed a motion to dismiss plaintiff Transcontinental Insurance Company's declaratory judgment action and defendant Great American Assurance Company's cross-claim and counterclaim for declaratory judgment, arguing that there is a pending parallel state court equitable garnishment action involving the same parties and the same issues.[1] Great American filed an opposition to the motion. Transcontinental filed a response stating that it does not oppose the motion, and subsequently filed a motion to dismiss its complaint. The Higgins' motion will be granted. This ruling also resolves various other motions on file.

**I.    Background**

This action concerns an insurance coverage dispute. On May 22, 2003, defendants Kenneth and Gerri Higgins were injured when a Freightliner semi tractor driven by defendant Dale Snethen

---

[1]Although the motion alternatively requests that the case be remanded or transferred to state court, those options are not available, given that the case was originally filed in this court. The Higgins defendants appear to acknowledge this problem and only request dismissal in their reply brief.

collided with the Higgins' pickup truck. Snethen owned the Freightliner semi tractor and leased it to Buske Lines, Inc., his employer. At the time of the accident, the semi tractor and Snethen were covered by two insurance policies. Plaintiff Transcontinental Insurance Company issued an insurance policy to Buske Lines, which provided trucking liability coverage. Defendant Great American Assurance Company issued an insurance policy to Buske Lines, which provided non-trucking liability coverage. Snethen was covered by both policies. On March 31, 2005, the Higgins filed suit against Snethen and Buske Lines in the Circuit Court of Johnson County, Missouri, Case No. CV405-229CC, seeking to recover for injuries sustained in the accident.

On January 3, 2006, Transcontinental filed the instant declaratory judgment action, asking the court to declare that Great American's non-trucking policy applied to the accident and was primary, and that Great American was obligated to defend and indemnify Snethen and Buske Lines. Transcontinental named Great American, the Higgins and Snethen as defendants.

On February 17, 2006, the state trial court in the Higgins' personal injury case entered judgment in favor of Kenneth Higgins and against Snethen for $5,000,000 in actual damages, $744,653.48 in prejudgment interest, and $25,000 for loss of services, totaling $5,769,653.48 plus statutory court costs. In addition, the trial court entered judgment in favor of Gerri Higgins and against Snethen for $250,000 in actual damages, $14,670.32 in prejudgment interest, and $50,000 for loss of services, totaling $314,670.32 plus statutory court costs.

On March 2, 2006, Great American filed a counterclaim and cross-claim in this declaratory judgment case, asking the court to declare that it had no obligation to defend or indemnify Dale Snethen or to pay any insurance benefits to the Higgins.

2

On March 20, 2006, the Higgins filed an equitable garnishment action, pursuant to Revised Missouri Statute § 379.200, against Great American, Snethen and Transcontinental in the Circuit Court of Johnson County, Missouri, Case No. 06JO-CV00159, seeking to collect on their February 17, 2006 judgment.

## II. Analysis

In the Higgins' motion to dismiss, they argue that Transcontinental's declaratory judgment complaint and Great American's cross-claim and counterclaim are inappropriate and should be dismissed because of the pending state court case involving the same parties. The Higgins contend that their equitable garnishment action provides an adequate remedy for Transcontinental and Great American to litigate all issues raised in the federal declaratory judgment action. As a result, the Higgins urge the court to exercise its discretion and dismiss this action. As noted, Transcontinental, which filed this action, does not oppose the motion, but Great American does.

The Declaratory Judgment Act provides that a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) (quoting 28 U.S.C. § 2201(a)). In Wilton, the Supreme Court considered the standard by which district courts decide whether to dismiss or stay a federal declaratory judgment action during the pendency of a parallel state court proceeding, and adopted the discretionary standard set forth in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). Wilton, 515 U.S. at 282-89 (rejecting the "exceptional circumstances" test developed in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) and Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp., 460 U.S. 1 (1983)). Under the Brillhart abstention doctrine, district courts "must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable

3

substantive law, can be better settled by the state court." Capitol Indemn. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000) (citing Brillhart, 316 U.S. at 495; Wilton, 515 U.S. at 282). "If so, the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by Federal law, between the same parties.'" Id. (quoting Brillhart, 316 U.S. at 495).

As the Higgins note, this case involves only issues of Missouri insurance law.[2] See TNT Speed & Sport Center, Inc. v. American States Ins. Co., 114 F.3d 731, 732 (8th Cir. 1997) (stating that the interpretation of insurance policies is governed by state law). Transcontinental and Great American both seek declarations concerning their obligations to the Higgins under the insurance policies covering Snethen. The Higgins' equitable garnishment action is a statutory cause of action that "is no garnishment at all, but is a suit in equity against the insurance company to seek satisfaction of one's judgment under an insurance policy." Glover v. State Farm Fire & Cas. Co., 984 F.2d 259, 260 (1993). An equitable garnishment action is the Higgins' exclusive remedy against Transcontinental and Great American. Id. The statute requires that the Higgins proceed against the insurance companies and the insureds. Mo. Rev. Stat. § 379.200.

---

[2]Great American argues that this case involves an issue of federal law because Transcontinental's policy contains a MCS-90 endorsement required by federal law, so this court is in the better position to resolve the issues. The court disagrees. First, the Eighth Circuit has held that MCS-90 endorsements "do not fix the liability between insured or insurance companies." Redland Ins. Co. v. Shelter Met. Ins. Co., 193 F.3d 1021, 1022 (8th Cir. 1999) (citation omitted). Moreover, it is obvious from Transcontinental's complaint and Great American's cross-claim and counterclaim that the coverage dispute centers on the interpretation of the two insurance policies' provisions under Missouri state law, namely, whether Snethen was acting within the scope of his employment with Buske at the time of accident.

4

In an equitable garnishment action, "[t]he rights of the insured party/judgment creditor are derivative, so the insurer may interpose defenses it would have against its insured." Glover, 984 F.2d at 260. The claims Transcontinental and Great American raise in this suit against the Higgins and Snethen would be defenses to the Higgins' state court action, so the insurers no doubt have the ability to raise all such issues in the equitable garnishment action.

This action and the state court equitable garnishment action involve the same issues between the same parties, and both actions will be resolved under Missouri insurance law. Therefore, it appears that the dispute can be better resolved by the state court. See Capitol Indemnity, 218 F.3d at 875 (reversing district court's denial of motion to dismiss or stay for abuse of discretion, and stating that permitting federal action to proceed "was unnecessarily duplicative and uneconomical"). Faced with strikingly similar facts, other divisions of this court have arrived at the same conclusion. Deerbrook Ins. Co. v. Rusher, No. 02-0779-CV-W-RED, 2003 WL 21230390 (Dorr, J.) (W.D. Mo. Jan. 24, 2003); Cincinnati Ins. Co. v. R&L Siding, Inc., No. 01-4091-CV-C-5, slip op. (Laughrey, J.) (W.D. Mo. June 21, 2002); American Standard Ins. Co. of Wisconsin v. Harms, No. 00-1239-CV-W-5, slip op. (Laughrey, J.) (W.D. Mo. May 24, 2001). In each case, the judge went through the same analysis discussed above and dismissed the insurer's federal declaratory judgment case in deference to a pending equitable garnishment action. These decisions are sound and should be followed.

In opposing the motion to dismiss, Great American cites Bellon Wrecking & Salvage Co. v. David Orf, Inc., 983 S.W.2d 541, 548 (Mo. Ct. App. 1998), arguing that under the concept of abatement, when two cases involve the same subject matter and parties, "resolution should occur through the prior action and the second suit should be dismissed." This argument is misplaced, as

5

the concept does not apply when one case is filed in state court and the other is filed in federal court. See In re Federal Skywalk Cases, 680 F.2d 1175, 1183 (8th Cir. 1982) (noting that "[t]he traditional notion is that in personam actions in federal and state court may proceed concurrently, without interference from either court"). And of course, this court has no authority or jurisdiction over the state court action.

To the extent Great American is arguing that this case should proceed because it was filed more than two and a half months before the state court equitable garnishment case, that argument also fails. Cases invoking the Brillhart analysis have found no import in the timing of the federal case filing. In Wilton, the federal declaratory judgment action was filed more than a month before the state court action. Nonetheless, the district court entered a stay, later affirmed by the Fifth Circuit and the Supreme Court. Wilton, 515 U.S. at 280-281. And in Capitol Indemnity, the declaratory judgment action was filed more than six months before the state court action. Capitol Indemnity, 218 F.3d at 875. More recently, the Eighth Circuit addressed the timing argument and affirmed the dismissal of a federal declaratory judgment action even though it was filed more than a month before the state court action. Western Heritage Ins. Co. v. Sunset Security, Inc., 63 Fed. Appx. 965, 2003 WL 21007148, at *1 (8th Cir. 2003) (relying on Capitol Indemnity, 218 F.3d at 875). And notably, all of the factually similar cases from other divisions of this court expressly considered and rejected arguments against dismissal based on the declaratory judgment action being filed before the state court equitable garnishment action. Deerbrook Ins., 2003 WL 21230390, at *3 (state court action filed two weeks later); Cincinnati Ins., slip op. at 7-8 (state court action filed nearly two weeks later); American Standard Ins., slip op. at 14-15 (state court action filed about a year later). Thus, the court rejects Great American's timing argument.

6

Lastly, Great American argues that the Higgins' claims in the state court equitable garnishment action are barred by the compulsory counterclaim rule "because the Higgins were required to file the claims raised in the state court action as a cross-claim against Great American and a counterclaim against Transcontinental in this lawsuit." Federal Rule of Civil Procedure 13(a) states in part: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The Higgins argue that they had no claim for equitable garnishment when they answered Transcontinental's complaint. The state court judgment was entered on February 17, 2006. Because thirty days must pass after entry of judgment before the filing of an equitable garnishment action (Mo. Rev. Stat. § 379.200), March 20, 2006 was the first day the Higgins could have filed such an action. Therefore, the Higgins did not have an equitable garnishment claim to assert as a counterclaim when they filed their answer to Transcontinental's complaint on February 16, 2006.

Great American contends that the compulsory counterclaim rule was triggered again when it filed its answer asserting a counterclaim against Transcontinental and a cross-claim against Snethen and the Higgins. Even if Great American is right,[3] any compulsory counterclaim the Higgins might have would be against Transcontinental, the only "opposing party" under the compulsory counterclaim rule. Fed. R. Civ. P. 13(a). Because Transcontinental does not oppose the Higgins' motion to dismiss and in fact subsequently filed its own motion to dismiss, the court

---

[3]The Higgins filed their reply and answer to Great American's pleading on March 21, 2006, the day after filing their state court equitable garnishment action.

finds that any failure of the Higgins to raise a compulsory counterclaim against Transcontinental is mooted. Great American and the Higgins are defendants and co-parties, so any claims amongst them would be cross-claims under Federal Rule of Civil Procedure 13(g). Cross-claims are permissive, <u>not</u> compulsory. Fed. R. Civ. P. 13(g) ("A pleading *may* state as a cross-claim any claim by one party against a co-party. . . .") (emphasis added); <u>Augustin v. Mughal</u>, 521 F.2d 1215, 1216 (8th Cir. 1975) (explaining that because cross-claims are merely permissive rather than compulsory, "a party to an action having a claim in the nature of a cross-claim has the option to pursue it in an independent action").[4] Therefore, the Higgins' failure to assert a cross-claim for equitable garnishment against Great American does not amount to a failure to assert a compulsory counterclaim.

In sum, Great American's arguments against dismissal are unavailing. The court is satisfied that the issues and parties in the instant suit can be fully and satisfactorily adjudicated in the state court equitable garnishment suit. In this suit and the state court suit, the ultimate issue is the legal effect of the conduct of Snethen at the time of the accident, an issue that will be resolved by interpretation of the insurance policies' provisions, a matter governed by Missouri law. As a result, the state court is in the best position to adjudicate the issues. Therefore, the court will exercise its discretion to decline jurisdiction under <u>Wilton</u> and dismiss Transcontinental's declaratory judgment action and Great American's cross-claim and counterclaim.

---

[4]The court notes that Great American cites to a Missouri Supreme Court case that interprets Missouri's compulsory counterclaim rule and states that "it is possible for co-parties in some circumstances to be 'opposing parties,' for example, when one co-party brings a claim for its own damages against another co-party." <u>Hemme v. Bharti</u>, 183 S.W.3d 593, 596 (Mo. 2006). The <u>Hemme</u> case factually distinguishable and is not binding on this court, and Great American has not cited any federal case law authority that supports its reasoning.

8

### III. Conclusion

Accordingly, it is hereby

ORDERED that the Higgins' motion to dismiss (ECF doc. 13) is GRANTED. Transcontinental's declaratory judgment complaint and Great American's cross-claim and counterclaim for declaratory judgment are hereby DISMISSED. It is further

ORDERED that Great American's motion for leave to file a sur-reply (ECF doc. 21) is GRANTED and the surreply, as attached to the motion, is deemed filed. It is further

ORDERED that Transcontinental's motion to dismiss its declaratory judgment complaint (ECF doc. 28) is GRANTED. It is further

ORDERED that Transcontinental's motion for leave to file a first amended complaint (ECF doc. 8) is DENIED as moot. It is further

ORDERED that Snethen's motion to dismiss (ECF doc. 22) is DENIED as moot. It is further

ORDERED that Great American's motion for relief from Rule 26(d) (ECF doc. 27) is DENIED as moot. It is further

ORDERED that Transcontinental's motion to dismiss Great American's counterclaim (ECF doc. 29) is DENIED as moot. It is further

ORDERED that the parties' various motions for extension of time (ECF docs. 5 and 15) are GRANTED with retroactive effect.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August 8, 2006

Kansas City, Missouri